IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TANGELO IP, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-692-RGA |
| | ) | |
| TUPPERWARE BRANDS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## TUPPERWARE BRANDS CORPORATION'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR EXCEPTIONAL CASE

FISH & RICHARDSON P.C.
Jeremy D. Anderson (#4515)
222 Delaware Ave., 17th Floor
Wilmington, DE 19801
(302) 652-5070 Telephone
(302) 652-0607 Facsimile
janderson@fr.com

Neil J. McNabnay
Ricardo J. Bonilla
1717 Main Street, Suite 5000
Dallas, TX 75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)
mcnabnay@fr.com
rbonilla@fr.com
tdawson@fr.com

**ATTORNEYS FOR DEFENDANT
TUPPERWARE BRANDS CORPORATION**

Dated:  January 2, 2018

## <u>TABLE OF CONTENTS</u>

**<u>Page(s)</u>**

I.    ARGUMENT ......................................................................................................... 1

    A.    Tangelo should have known its claims were objectively ineligible. .......... 1

    B.    The presumption of validity does not shelter Tangelo's case from exceptionality ........................................................................................... 4

    C.    Tupperware's fees award request is supported by ample evidence. ........... 7

II.   CONCLUSION ..................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amdocs (Isr.) Ltd. v. Openet Telecom Inc.*,
  841 F.3d 1288 (Fed. Cir. 2016)..................................................................5

*Broadband iTV, Inc. v. Oceanic Time Warner Cable, LLC*,
  135 F. Supp. 3d 1175 (D. Haw. 2015)..........................................................5

*Cellspin Soft, Inc. v. Fitbit, Inc.*,
  No. 4:17-cv-5928, 2018 WL 3328164 (N.D. Cal. July 6, 2018) ...........................5, 6

*Inventor Holdings, LLC v. Bed Bath & Beyond Inc.*,
  876 F.3d 1372 (Fed. Cir. 2017)..........................................................3, 4, 6

*Inventor Holdings, LLC v. Bed Bath & Beyond Inc.*,
  No.14-448-GMS, 2016 WL 3090633 (D. Del. May 31, 2016) (Sleet, J.) ..................7

*OpenTV, Inc. v. Apple, Inc.*,
  No. 14-CV-01622-HSG, 2015 WL 1535328 (N.D. Cal. Apr. 6, 2015)......................5

*Sanitec Inds., Inc. v. Micro-Waste Corp.*,
  No. H-04-3066, 2009 WL 1457157 (S.D. Tex. May 22, 2009)..............................7

*SAP America, Inc. v. Investpic, LLC*,
  No. 3:16-cv-02689, 2018 WL 2230597 (N.D. Tex. May 15, 2018).........................8

*Stone Basket Innovations, LLC v. Cook Medical LLC*,
  892 F.3d 1175 (Fed. Cir. 2018)..................................................................7

*Valmont Inds., Inc. v. Lindsay Corp.*,
  No. 15-42-LPS, 2018 WL 5962469 (D. Del. Nov. 14, 2018) (Stark, J.) ...............3, 4

**Statutes**

35 U.S.C. § 282...........................................................................................5

**Other Authorities**

FED. R. CIV. P. 54(d)(2)(B) ............................................................................7

FED. R. CIV. P. 54(d)(2)(C) ............................................................................8

This case is exceptional because Tangelo asserted objectively ineligible patent claims directed to an abstract concept long-practiced in society and devoid of any inventive concept amounting to significantly more than that abstract idea. Tangelo's opposition does not refute the ineligibility of its claims and offers nothing to support its position that the claims were eligible. It focuses instead on its litigation conduct, which is only one factor under the Supreme Court's *Octane Fitness* test for exceptionality, and the presumption of validity, which, even if it applied to patent eligibility, can be (and clearly was) rebutted. Tangelo has a duty to critically analyze patent claims before asserting them in litigation, and it failed that duty here. Despite being aware of the arguments supporting the ineligibility of its claims after facing similar motions in the past, Tangelo nonetheless pressed forward with this lawsuit, ignoring substantial precedent confirming the claims' ineligibility.

None of Tangelo's "let's blame the victim" arguments, such as contending that Tupperware did not provide notice of the case's exceptionality or that Tupperware's fee request is unsupported by evidence, is correct or even relevant. Accordingly, Tupperware respectfully requests that the Court grant its motion, find the case to be exceptional, and award Tupperware its attorneys' fees incurred defending itself in this needless litigation.

## I.   ARGUMENT

### A.   Tangelo should have known its claims were objectively ineligible.

Tangelo's assertion of the claims of the '005 Patent was not in good faith. There exists ample case law that should have alerted an objectively reasonable litigant to the ineligibility of the patent's claims. Tangelo, however, was not an objectively reasonable litigant. It argued on the merits and argues now that the patent "claimed an improved graphical user interface ('GUI') that increased user-friendliness/usability of computers," a position that is unsupported by the record. It

1

also makes misplaced arguments about its litigation conduct in this case. The Federal Circuit has made clear that a case can be exceptional based solely on the weakness of the litigant's substantive position. Such is the case here.

First, the '005 Patent does not claim an improvement to GUIs. This Court correctly recognized that "[c]laimed methods that describe concepts 'long-practiced in our society' have been found directed to an abstract idea under *Alice* step one." (*Id.* at 4 (citations omitted).) It found the '005 Patent's claims were directed to such an abstract idea because they were directed to an "idea long-practiced by retailers providing telephone sales representative to support their printed product catalogs." (*Id.* at 5.) This Court therefore found that "[u]nlike the claims in *Enfish*, the '005 patent claims do not address 'the way computers operate.'" (D.I. 17 at 6.) "Although the [claimed] improvement is done using a computer, it is not an improvement to computer functionality." (*Id.*) The Court's opinion is supported by the claims themselves. As the Court noted, though lengthy, the '005 Patent's claims have few substantive limitations, and none of them has to do with a specific or particular GUI. (*See id.* at 4.) They require only that page numbers and product images found in a printed publication be replicated in an "interactive and electronic replication," without limitation as to what comprises the "interactive and electronic replication" or how it is implemented. Additionally, "[a]ny improvements gained over traditional catalog sales, such as being able to view a larger version of the product, are a result of generic computer technology, not specific claim limitations." (*Id.* at 5.)

Tangelo argues in its opposition that its claims are like those held eligible by the Federal Circuit in recent cases like *Data Engine*, *Core Wireless*, and *Trading Technologies*. (Opp. at 6.) Putting aside the non-precedential nature of *Trading Technologies* and the fact that *Data Engine* issued shortly before the hearing in this case (and well after Tangelo filed suit), these arguments

2

are incorrect. In fact, the Court already addressed them directly in its Order granting Tupperware's motion, finding, "Unlike the claims in *Data Engine*, the '005 patent claims do not describe 'specific structures' that provide functional improvements." (D.I. 17 at 5.) Although the Federal Circuit has held claims to be eligible where they contain specific structures for GUIs that do improve the use of a computer, Tangelo's claims are not like those claims—there is thus no difficulty in finding them ineligible under *Alice* and its progeny. *See Inventor Holdings, LLC v. Bed Bath & Beyond Inc.*, 876 F.3d 1372, 1377 (Fed. Cir. 2017) ("[W]hile we agree with [plaintiff] as a general matter that it was and is sometimes difficult to analyze patent eligibility under the framework prescribed by the Supreme Court in *Mayo*, there is no uncertainty or difficulty in applying the principles set out in *Alice* to reach the conclusion that the [patent-in-suit]'s claims are ineligible.").

Tangelo also argues that its claims "increased user-friendliness/usability of computers." (Opp. at 6.) The patent, however, touts only the "need for a system and method for creating and displaying an interactive electronic representation of a corresponding visual media object." '005 Patent at 2:64-3:3. It makes no mention of improving "user friendliness" or the "usability of computers." The lack of any mention of Tangelo's purported "improvements" in the patent itself dooms the argument that such improvements support the claims' eligibility. *See Valmont Inds., Inc. v. Lindsay Corp.*, No. 15-42-LPS, 2018 WL 5962469, at *6 (D. Del. Nov. 14, 2018) (Stark, J.) (differentiating ineligible claims from those held eligible in *Core Wireless*, *Aatrix*, and *Trading Technologies* because the latter cases "relied on an abundance of support in the specification and failures of the prior art to find an innovative concept"). Tangelo's inability to rebut Tupperware's arguments on the merits or the Court's findings in its dismissal order highlights the exceptionally weak nature of the claims.

3

Second, the weakness of Tangelo's litigating position is sufficient, on its own, to support

a finding of exceptionality. In *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, the Supreme

Court loosened the preexisting standard for what makes a case "exceptional" and imposed a rule

that offered broad discretion to district courts:

> We hold, then, that an "exceptional" case is simply one that stands
> out from others with respect to the substantive strength of a party's
> litigating position (considering both the governing law and the facts
> of the case) or the unreasonable manner in which the case was
> litigated. District courts may determine whether a case is
> "exceptional" in the case-by-case exercise of their discretion,
> considering the totality of the circumstances.

134 S. Ct. 1749, 1756 (2014). The factors a court may consider in determining whether a case

stands out from others include "frivolousness, motivation, objective unreasonableness (both in the

factual and legal components of the case) and the need in particular circumstances to advance

considerations of compensation and deterrence." *Id.* at 1756 n.6 (citing *Fogerty v. Fantasy, Inc.*,

510 U.S. 517, 534 (1994)). Not all of these factors apply in all cases. *See id.* Accordingly, the

Supreme Court held that "[a] case presenting *either* subjective bad faith *or* exceptionally meritless

claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Id.* at 1757

(emphasis added). This Court, therefore, need only find that Tangelo's claims were exceptionally

meritless to support a finding of exceptionality and an award of attorneys' fees. *See Inventor*

*Holdings*, 876 F.3d at 1377 (affirming a district court's finding of exceptionality "***based solely*** on

the weakness of [plaintiff's] post-*Alice* patent-eligibility arguments") (emphasis added).

### B.    The presumption of validity does not shelter Tangelo's case from exceptionality.

Tangelo incorrectly asserts that it "was entitled to rely on the presumption that the Patent

Office did its job, and that patent claims issued under the current legal standards are valid when

4

issued." (Opp. at 7.) While patents are presumed valid, they are not presumed eligible. Moreover, Tangelo cannot hide behind the presumption, as such a presumption can be overcome, and Tangelo had a duty to evaluate its claims to determine whether they were meritorious. Tangelo did not properly evaluate its claims, and its actions (or inactions) thus led to an exceptional case.

First, "[a]lthough issued patents are presumed valid, they are not presumed eligible." *Cellspin Soft, Inc. v. Fitbit, Inc.*, No. 4:17-cv-5928, 2018 WL 3328164, at *4 (N.D. Cal. July 6, 2018). 35 U.S.C. § 282, which governs the presumption, explicitly applies to invalidity for failure to meet a condition of patentability (*e.g.*, §§ 102 or 103), failure to comply with § 112, or failure to comply with § 251, or "other facts or acts made a defense" by that section. It does not refer to § 101. Consequently, it is no surprise that courts have differentiated between validity issues and eligibility issues. *See Amdocs (Isr.) Ltd. v. Openet Telecom Inc.*, 841 F.3d 1288, 1306-07 (Fed. Cir. 2016). Thus, courts generally do not apply a presumption of eligibility to patent claims. *See generally Alice*, 134 S. Ct. 2347 (not mentioning the existence of a presumption of eligibility).[1] In fact, as Tupperware explained in its opening brief, various courts have found cases to be exceptional based on the exceptionally weak nature of the patent plaintiffs' eligibility positions. (*See* Mot. at 9 (citing cases).) Such opinions would not exist if the presumption of validity were sufficient to prohibit finding a case exceptional based on the ineligibility of the asserted claims.

Second, even if a presumption of eligibility did exist, that would not shelter Tangelo's case from exceptionality. The *Cellspin* case is instructive. There, several defendants moved for a

---

[1] *See also OpenTV, Inc. v. Apple, Inc.*, No. 14-CV-01622-HSG, 2015 WL 1535328, at *3 (N.D. Cal. Apr. 6, 2015) (declining to apply presumption of eligibility to Section 101 consideration); *Broadband iTV, Inc. v. Oceanic Time Warner Cable, LLC*, 135 F. Supp. 3d 1175, 1180 (D. Haw. 2015) ("Given the most recent available guidance from the Federal Circuit, the Court will assume that such a presumption does not apply [in Section 101 cases].")

5

finding of an exceptional case after the court had granted the defendants' motion to dismiss and found invalid all of the claims asserted by the plaintiff. *See Cellspin*, 2018 WL 3328164. In opposing the defendants' motion, the plaintiff argued that its patents were entitled to a presumption of eligibility, especially because several of the patents issued after the Supreme Court's decision in *Alice*. *Id.* at *3. The court disagreed, finding patent litigants have a duty to analyze their patents critically and that the plaintiff had failed this duty:

> [P]laintiff argues that it should not be forced to adjudicate the validity of its own patent and can rely on the courts to serve in that role. Cellspin cannot hide behind its own refusal to analyze its patents critically. Lawyers routinely evaluate the viability of contracts and strength of claims and thereupon counsel clients to act responsibly. To do otherwise unnecessarily burdens the courts and inflicts significant costs to the opposing parties.

*Id.* at *4 (internal citations omitted). Here, Tangelo argues that it was entitled to presume its claims were valid because they issued after the Supreme Court's decisions in *Bilski* and *Mayo*. (Opp. at 7.) Not so. Much like in *Cellspin*, Tangelo should have analyzed its patents critically, especially in light of *Alice* and its progeny. It did not do so, instead asserting infringement of objectively ineligible claims. That assertion, alone, is sufficient to support a finding of exceptionality. *See Inventor Holdings*, 876 F.3d at 1377.

Finally, Tangelo's insinuation that Tupperware should have told Tangelo about the ineligibility of its claims in order to be entitled to a finding of exceptionality is incorrect. Tangelo argues that "Tupperware did not raise [the] allegedly clear basis for ineligibility with the Court in its motion to dismiss." (Opp. at 8.) It also contends that Tupperware failed to communicate the exceptional nature of the case to Tangelo, and thus "[t]here is nothing in the record to conclude that Tangelo was on clear notice it was wrong regarding its position on § 101." (Opp. at 15-16.) These arguments are absurd. Tupperware filed its motion with its initial pleadings in this case, and

6

that was after Tangelo had seen multiple defendants file substantially similar motions during its years litigating the '005 Patent. (*See* D.I. 21 at 2.) No court has ever held that before a case can be exceptional, the prevailing party ***must*** notify the offending party of the case's exceptionality, and Tangelo's only citation for this proposition is inapposite. *Cf. Stone Basket Innovations, LLC v. Cook Medical LLC*, 892 F.3d 1175, 1181 (Fed. Cir. 2018) (holding district court did not abuse its discretion in denying exceptionality by considering prevailing party's conduct under the *Octane Fitness* test). In fact, courts in this District have "reject[ed] this let's blame the victim argument." *Inventor Holdings, LLC v. Bed Bath & Beyond Inc.*, No.14-448-GMS, 2016 WL 3090633, at *4 (D. Del. May 31, 2016) (Sleet, J.). This Court should do the same.

### C. Tupperware's fees award request is supported by ample evidence.

Tupperware's attorneys' fees are not excessive and are supported by the evidence. Tupperware's motion is entirely proper under the Federal Rules of Civil Procedure, which require only that the motion "be filed no later than 14 days after the entry of judgment," "specify the judgment and the statute, rule, or other grounds entitling [Tupperware] to the award," "state the amount sought or provide a fair estimate of it," and "disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made." FED. R. CIV. P. 54(d)(2)(B). Tupperware filed its motion on the fourteenth day after the entry of judgment, specified the judgment and rule entitling it to an award (§ 285 and D.I. 21), and stated the amount sought ($53,671.50). If the Court so orders, Tangelo will provide its engagement agreement with its attorneys. Additionally, Tupperware provided the declaration of its attorney, Jeremy Anderson, in support of the reasonableness and amount of its fees, which is sufficient to support an attorneys' fee award. *See, e.g., Sanitec Inds., Inc. v. Micro-Waste Corp.*, No. H-04-3066, 2009 WL 1457157, at *1 n.2 (S.D. Tex. May 22, 2009). The Court may also defer calculating fees until after ruling on

7

whether fees should be awarded. FED. R. CIV. P. 54(d)(2)(C).

Tangelo has provided no basis for its complaint about the fee amount other than that Tupperware did not provide detailed records supporting its fees. Therefore, Tupperware submits with its reply redacted copies of its invoices in support of its claim for attorneys' fees. *See* Anderson Supp. Decl., Ex. 2. Submission of its invoices with its reply is not "gamesmanship"—Tupperware is still updating the total amount of fees incurred because it is seeking its fees for the entire litigation, and that includes the fees it has incurred in preparing this reply brief. The total is now $79,000. *See* Anderson Supp. Decl., Ex. 1.

Finally, even if the Court disagrees with Tupperware that its evidence in support of its fee submission is sufficient, the remedy is to require Tupperware to submit additional information, not to deny Tupperware's motion. *See, e.g.*, *SAP America, Inc. v. Investpic, LLC*, No. 3:16-cv-02689, 2018 WL 2230597 (N.D. Tex. May 15, 2018) (denying request for attorneys' fees ***without prejudice*** after finding of exceptional case because movant's evidence was insufficient to support award of fees). Tupperware is asking for its attorneys' fees as part of this motion, but the initial issue for the Court is whether this case is exceptional under § 285. Only once the Court makes that determination should attention turn to the amount and evidence of Tupperware's attorneys' fees. Tupperware has provided and updated both its amount and its evidence. Accordingly, the Tupperware's motion should be granted and its fees awarded.

## II.    CONCLUSION

For the foregoing reasons, Tupperware respectfully requests that the Court grant its Motion, find this case exceptional, and award Tupperware its attorneys' fees of $79,000. *See* Anderson Supp. Decl., Ex. 1.

Dated:  January 2, 2019

FISH & RICHARDSON P.C.

*/s/ Jeremy D. Anderson*

Jeremy D. Anderson (No. 4515)
222 Delaware Avenue, 17th Floor
Wilmington, Delaware 19801
(302) 658-5070 (Telephone)
(302) 652-0607 (Facsimile)
janderson@fr.com

Neil J. McNabnay
Ricardo J. Bonilla
1717 Main Street, Suite 5000
Dallas, Texas 78061
mcnabnay@fr.com; rbonilla@fr.com

**COUNSEL FOR DEFENDANT
TUPPERWARE BRANDS CORPORATION**