IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TANGELO IP, LLC,<br><br>Plaintiff,<br><br>v.<br><br>TUPPERWARE BRANDS CORP.,<br><br>Defendant. | No. 18-cv-692-RGA |

MEMORANDUM ORDER

Presently before the Court is Defendant's motion for exceptional case. (D.I. 20). I have reviewed the parties' briefing. (D.I. 21, 23, 24).

## I. BACKGROUND

On May 7, 2018, Plaintiff brought this action against Defendant alleging infringement of U.S. Patent No. 8,429,005 ("the '005 patent"). (D.I. 1). Defendant subsequently filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis that the '005 patent is invalid under 35 U.S.C. § 101. (D.I. 7, 8). I held a hearing on November 15, 2018 and granted Defendant's motion on November 26, 2018. *Tangelo IP, LLC v. Tupperware Brands Corp.*, 2018 WL 6168083 (D. Del. Nov. 26, 2018). I found the '005 patent claims "directed to the abstract idea of using an identifier to allow a reader of a printed publication to access related information not in a printed publication." *Id.* at *2. I further found the claims do not have an inventive concept, but merely apply the abstract idea in a generic computer environment. *Id.* at *4. Defendant now moves for a finding that this is an exceptional case warranting attorneys' fees under 35 U.S.C. § 285. (D.I. 20, 21).

1

## II. LEGAL STANDARD

The Patent Act provides that "in exceptional cases [the court] may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. Under the statute there are two basic requirements: (1) that the case is "exceptional" and (2) that the party seeking fees is a "prevailing party." The Supreme Court defines an "exceptional" case as "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). Section 285 is governed by a preponderance of the evidence standard. *Id.* at 1758.

## III. ANALYSIS

I do not think this is an exceptional case. Although I found the '005 patent invalid under § 101, that does not mean Plaintiff's contrary position was unreasonable. "[I]t is the substantive *strength* of the party's litigating position that is relevant to an exceptional case determination, not the *correctness* or eventual success of that position. A party's position on issues of law ultimately need not be correct for them to not stand out, or be found reasonable." *SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1348 (Fed. Cir. 2015) (internal quotation marks and citations omitted).

Defendant argues that Plaintiff "ignored substantial precedent dismissing analogous claims directed to concepts long-practiced in society." (D.I. 21 at 7). Defendant assumes that it was so obvious the '005 patent was directed to "concepts long-practiced in society" that it was objectively unreasonable for Plaintiff to believe the patent was valid under § 101. I disagree. Defendant identifies no precedent addressing claims analogous to those in the '005 patent, at least beyond the broad category of claims directed to "concepts long-practiced in society." (*See*

2

D.I. 21, 24). In my order granting Defendant's motion to dismiss, I found the '005 patent directed to a fairly specific concept—"the abstract idea of using an identifier to allow a reader of a printed publication to access related information not in a printed publication." *Tangelo*, 2018 WL 6168083, at *2. I distinguished the '005 patent claims from those that the Federal Circuit has found to be patent-eligible. *Id.* at *2-3. I did not identify any cases that found analogous claims to be patent-ineligible. *Id.*

This case stands in contrast to *Finnavations LLC v. Payoneer, Inc.*, 2019 WL 1236358 (D. Del. Mar. 18, 2019). In *Finnavations*, I granted motions for exceptional case and attorneys' fees based on claims that were "plainly directed at a patent ineligible concept." *Id.* at *2. There was "no question" that the patent was invalid because the claims were analogous to those struck down in *Alice*. *Id.* at *1. This is clearly a different situation. I am not aware of any precedent that leaves "no question" as to the '005 patent's validity, particularly in view of the somewhat opaque nature of § 101. Although I ultimately agreed with Defendant that the '005 patent is invalid, I think there is room for argument. Therefore, Defendant has failed to show that this case is exceptional under § 285.

### IV. CONCLUSION

For the foregoing reasons, Defendant's motion (D.I. 20) is **DENIED**.

IT IS SO ORDERED this 24 day of May 2019.

Richard G. Andrews
United States District Judge

3